```
               IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF TEXAS
                         HOUSTON DIVISION

LUIS SOSA,                         §
                                   §
      Plaintiff,                   §
                                   §
v.                                 §     CIVIL ACTION NO. H-06-1614
                                   §
GUARDIAN INDUSTRIES PRODUCTS,      §
                                   §
      Defendant.                   §
```

MEMORANDUM AND ORDER

Pending is Defendant Guardian Industries Products's Motion to Dismiss (Document No. 12), which the Court by Order dated April 10, 2007 (Document No. 19), converted into a Motion for Summary Judgment. After carefully considering the motion, response, reply, sur-reply, sur-response, and the parties' additional submissions, the Court concludes that the motion should be granted.

I.  Background

This is an employment discrimination case under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.* Plaintiff Luis Sosa ("Plaintiff") sustained an injury during the course of his employment as a truck driver with Defendant Guardian Industries Products ("Defendant"). Plaintiff allegedly underwent two surgeries to treat his injury, and Defendant placed Plaintiff on medical leave. When Plaintiff's medical leave expired and Plaintiff still was unable to return to work, Defendant terminated

his employment by letter on January 14, 2005. Document No. 13 ex. A. In September, 2005, Plaintiff applied for a position as a truck driver with Defendant but was not hired. On January 9, 2006, Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC) alleging that his termination was in violation of the ADA. Id. ex. B. On April 14, 2006, the EEOC dismissed Plaintiff's charge as untimely. Id. ex. D. Plaintiff subsequently filed this suit, alleging Defendant wrongfully discharged and failed to rehire him, in violation of the ADA.

## II.   Standard of Review

Rule 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party must "demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2553 (1986).

Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted. Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in

a pleading, and unsubstantiated assertions that a fact issue exists will not suffice. Id. "[T]he nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." Id.

In considering a motion for summary judgment, the district court must view the evidence "through the prism of the substantive evidentiary burden." Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2513 (1986). All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986). "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper. Kelley v. Price-Macemon, Inc., 992 F.2d 1408, 1413 (5th Cir. 1993) (citing Matsushita, 106 S. Ct. at 1351). On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper." Id. Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial." Anderson, 106 S. Ct. at 2513.

### III.  Discussion

Defendant contends that Plaintiff's discriminatory discharge claim must be dismissed because he filed a charge with the EEOC

outside the 300-day limitations period. Document No. 12 at 5-9. The filing of a charge with the EEOC within 300 days is a prerequisite to suit under the ADA. *See* Ramirez v. City of San Antonio, 312 F.3d 178, 181 (5th Cir. 2002)(citing 42 U.S.C. § 12117(a), which incorporates the limitations period prescribed in section 2000e-5(e)(1)); Dao v. Auchan Hypermarket, 96 F.3d 787, 788-89 (5th Cir. 1996) (holding administrative exhaustion requirement of Title VII applies to the ADA). It is undisputed that Plaintiff did not file a charge until 360 days after his termination, as evidenced by the date of the charge and its subsequent dismissal as untimely by the EEOC. *See* Document No. 13 exs. B, D. Plaintiff maintains that he "[a]lthough [he] received notice of his termination on January 14, 2005, he . . . was not made aware that he was being discriminated against until . . . he applied for a driver position" and was rejected sometime in September, 2005. Document No. 17 at 7. However, for limitations purposes, the timing of Plaintiff's awareness of a discriminatory animus is irrelevant. *See* Chapman v. Homco, Inc., 886 F.2d 756, 758 (5th Cir.)(per curiam), *cert. denied* 110 S. Ct. 1784 (1989)(rejecting the argument that the limitations period should run from the discovery of a discriminatory practice); Merrill v. S. Methodist Univ., 806 F.2d 600, 604-05 (5th Cir. 1986) (explaining that a contrary rule would thwart the purpose of the limitations period in protecting employers from challenges to decisions made

many years ago).  "To allow plaintiffs to raise employment discrimination claims whenever they begin to suspect that their employers had illicit motives would completely eviscerate the time limits prescribed for filing such complaints." Pacheco v. Rice, 966 F.2d 904, 906 (5th Cir. 1992).  Therefore, a discrimination claim accrues upon the occurrence of the discriminatory *act* that supports a claim.  *See* Del. State College v. Ricks, 101 S. Ct. 498, 504 (1980); Pacheco, 966 F.2d at 906; Waltman v. Int'l Paper Co., 875 F.2d 468, 474 (5th Cir. 1989).

Plaintiff argues that "'[t]he limitations period does not begin when the employer commits an act that this Court would characterize as an adverse employment decision.  Instead, an employee's claim accrues at the moment the employee believes (or has reason to believe) that he is the victim of discrimination.'" Document No. 17 at 7 (quoting Ramirez, 312 F.3d at 182).  However, Ramirez concerned which of two *occurrences* gave plaintiff reason to believe that his employer had committed a discriminatory act.  The Fifth Circuit concluded that, under the circumstances, the employee believed or should reasonably have believed that he was the victim of discrimination at the time his employer transferred him out of a supervisory position without a reduction in pay or benefits, instead of later, when the employer reduced his pay, in spite of the fact that the transfer is not legally considered an "adverse employment action." Ramirez, 312 F.3d at 182.  Thus, the court's

focus on *which* of the employer's actions would toll the limitations period does not impact, and in fact, is consistent with other Fifth Circuit precedent holding that a claim accrues upon the occurrence of a discriminatory act, and not the suspicion of a discriminatory motive behind the act.

The challenged act in this case is the act of termination, of which Plaintiff clearly had notice upon receipt of the termination letter on January 14, 2005.  The undisputed evidence shows that Plaintiff filed his charge on January 9, 2006, 60-days after the 300-day limitations period had run.  Plaintiff does not raise any equitable or other exceptions to the tolling of the limitations period.  Accordingly, Defendant is entitled to summary judgment on the wrongful discharge claim.

B.   Failure to rehire

1.   Amendment of the charge

Defendant also contends that Plaintiff failed to exhaust his administrative remedies with respect to his failure to rehire claim because (1) Plaintiff prepared but did not file an amendment to his EEOC charge to include a failure to rehire claim; and (2) the claim could not reasonably be expected to grow out of an EEOC investigation of the discriminatory discharge allegations in the

charge.  Defendant submits a certified copy of Plaintiff's EEOC file, in which the sole reference to Plaintiff's failure to rehire claim is found in a letter from an EEOC investigator to Plaintiff's attorney dated January 18, 2006.  Id. ex. 2 at 19.  In the letter, the EEOC investigator first states that the Charge of Discrimination on his discharge claim was "untimely since he was discharged on January 14, 2005," more than 300 days before Plaintiff filed his EEOC claim.  The investigator added, however, that he had spoken with Plaintiff and learned that Defendant did not hire Plaintiff "for vacant truck driver positions since September 2005."  The investigator added that he was "amending the Charge to include this issue," and requested Plaintiff to review and "sign and notarize the amended Charge of Discrimination" and the EEOC would "then forward the amendment to [Defendant] for the position statement."  Id.  At least two unsigned, unnotarized file copies of the amendment evidently prepared by the investigator and sent by him to Plaintiff's counsel are in the EEOC file.  There is no evidence or indication in the EEOC file, however, that Plaintiff ever signed and had notarized that form of amendment and then returned it to the EEOC for filing.  Moreover, there is no document of any description in the EEOC file signed by Plaintiff that could be construed as an amendment to assert a Claim of Discrimination for failure to rehire Plaintiff as a truck driver.

Plaintiff now contends that he "prepare[d] an [a]mendment" and submits as evidence a signed and notarized copy of the form evidently prepared by the EEOC investigator and sent to Plaintiff's counsel January 18, 2006.  The signed copy exhibited by Plaintiff is dated January 20, 2006.  The parties do not dispute that Plaintiff signed and notarized this intended amendment to the EEOC charge.  The dispute is whether Plaintiff *actually filed* the intended amendment with the EEOC.  All of the summary judgment is that it was not filed and there is no summary judgment evidence that he did file it.

Implicit within the statutory scheme is the requirement that to amend a charge, the amendments to a charge must be sent to and received by the EEOC.  *See* 29 C.F.R. § 1601.12(b); 42 U.S.C. § 2000e-5(e)(1); *see also* Taylor v. Gen. Tel. Co. of Sw., 759 F.2d 437, 440 (5th Cir. 1985) (holding the filing date of a charge is that of its receipt by the EEOC); *see also, e.g.*, Boge v. Ringland-Johnson-Crowley Co., 976 F.2d 448, 452 (8th Cir. 1992)(holding that an employee's oral request to include new allegations in the charge did not constitute a "reasonabl[e] attempt[ ] to amend" the charge) (internal quotations omitted); Thomas v. Ohio Civil Rights Comm'n, No. 2:04-cv-0944, 2006 WL 1697577, *5 (S.D. Ohio June 20, 2006) (oral communication of desire to amend charge "does not alter the fact that the claims were not included in the charge.").  Not only is there no signed, notarized amendment in the EEOC file itself,

but also there is no documentation in the EEOC file of any EEOC investigation of a failure to rehire claim, which necessarily would have followed had such a claim been filed. The fact that an amendment was not filed is further corroborated by Defendant's corporate counsel, who testified that Defendant "did not receive any notice from the EEOC or [Plaintiff] regarding an amendment to the January 9, 2006 charge," and "was not provided an opportunity to prepare a position statement with regard to any charge other than the January 9, 2006 charge." Document No. 22 ex. 1 ¶¶ 3, 4; *see* 42 U.S.C. § 2000e-5(b)(requiring the EEOC to serve upon the employer notice of the charge and the underlying facts within ten days of its filing). Plaintiff argues in his brief that he "is *claiming* that he did file the amendment with the EEOC," Document No. 17 ¶ 26 (emphasis added), but this is conclusory. Similarly, Plaintiff also submits his own affidavit in which he states:

> I also amended my EEOC application within a timely manner, to show that I had filed it within 300 days after applying for the open position at Guardian Industries, in which I qualified for.

Once again, the claim that he "amended [his] EEOC application in a timely manner" is conclusory if intended to convey the thought that an amendment was actually filed in the EEOC,[1] and meaningless, if

---

[1] For example, Plaintiff never states under oath that he actually *filed* an amendment in the EEOC, or even that he deposited such in the U.S. mail, properly posted and addressed to the EEOC, nor does Plaintiff exhibit any receipt or acknowledgment from the

referring only to Plaintiff's signing of the amendment form dated January 20, 2006, which the summary judgment evidence establishes was never filed in the EEOC.  In short, there is no summary judgment evidence to raise so much as a fact issue that a signed amendment was ever filed.  *See* Turner v. Baylor Richardson Med. Ctr., 476 F.3d 337, 343 (5th Cir. 2007) ("[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'")(quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)); Longoria v. Texas, 473 F.3d 586 (5th Cir. 2006)(holding a "mere assertion" does not create a fact issue).  Because Plaintiff submits no competent summary judgment evidence that he filed an amendment to the charge asserting his failure to rehire claim, and because the uncontroverted summary judgment evidence is that he did not file such an amendment, Defendant is entitled to summary judgment unless the scope of the original charge was broad enough to include the failure to rehire claim.

    2.   Scope of the charge

The allegations in the original charge pertain to Plaintiff's alleged wrongful termination, which Defendant contends cannot be construed to encompass his independent failure to rehire claim. Document No. 12 at 11.  In analyzing whether a complainant has

---

EEOC that such an amendment was received for filing.

exhausted his administrative remedies, "the crucial element of a charge of discrimination is the factual statement contained therein." Sanchez v. Standard Brands, Inc., 431 F.2d 455, 462 (5th Cir. 1970). Although an EEOC charge should be construed liberally to encompass "any kind of discrimination like or related to the charge's allegations," it is nonetheless "limited . . . by the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charges of discrimination." Fellows v. Universal Rests., Inc., 701 F.2d 447, 451 (5th Cir. 1983); *accord* Pacheco, 448 F.3d at 792.  Thus, the exhaustion requirement is not satisfied as to conduct independent of that alleged in the charge. *See, e.g.*, Fine v. GAF Chem. Corp., 995 F.2d 576, 577-78 (5th Cir. 1993)(affirming dismissal of Title VII claim arising from an incident distinct from that disclosed in the EEOC charge); *see also*, Brewer v. AmSouth Bank, No. Civ. A. 1:04CV247-PD, 2006 WL 1522946, at *7-8 (N.D. Miss. May 25, 2006); Cannon v. St. Paul Fire & Marine Ins. Co., No. Civ. A. 3:03CV2911-N, 2005 WL 1107372, at *1 (N.D. Tex. May 6, 2005).

Plaintiff's charge states, "[e]ven though the physician had recommended my temporary absence from work due to my health and to recover from my surgeries, [Defendant] terminated my employment on January 14, 2005 via a letter.  I feel that my position was terminated because I could not return to work due to my medical condition." Document No. 1 ex. B.  Nowhere in the charge are there

11

facts pertaining to Plaintiff's application for re-employment nine months later that would suggest a failure to rehire, which is a separate, independent claim.  See Guillory v. St. Landry Parish Police Jury, 802 F.2d 822, 824 (5th Cir. 1986), cert. denied, 107 S. Ct. 3190 (1987)(characterizing a plaintiff's termination and later unsuccessful application for re-employment as "separate instances of alleged discrimination"); Woodburn v. LTV Aerospace Corp., 531 F.2d 750, 751 (5th Cir. 1976)(per curiam)(declining to construe discriminatory discharge and failure to discharge as a continuing violation so as to toll the limitations period).  Thus, the failure to rehire claim would not have been a subject within the scope of a reasonable investigation into Plaintiff's claim of wrongful discharge.[2]  See, Parisi v. Boeing Co., 400 F.3d 583, 586

---

[2] Plaintiff cites Josephs v. Pacific Bell, 443 F.3d 1050, 1061-62 (9th Cir. 2006), for the proposition that a failure to reinstate is sufficiently related to a wrongful termination such that its omission from the charge is not fatal to the claim. Document No. 17 ¶ 27.  However, the same court previously distinguished between *reinstatement* and *rehiring*:

> [a] discharged employee who seeks to be reinstated is really litigating the unfairness of his original discharge because only if the original discharge was discriminatory is he entitled to be reinstated as if he had never ceased working for the employer. The word reinstatement must be employed in this connection as the equivalent of uninterrupted employment. . . . The concept of a discriminatory refusal to hire is a different concept.  If a person whether a former employee or not applies for employment and discriminatorily is refused employment . . . , the employer has committed a separate and distinct unfair practice.

Collins v. United Air Lines, Inc., 514 F.2d 594, 596-97 (9th Cir.

(8th Cir. 2005); <u>Sauzek v. Exxon Coal USA, Inc.</u>, 202 F.3d 913, 920 (7th Cir. 2000); <u>Miller v. Int'l Tel. & Tel. Corp.</u>, 755 F.2d 20, 25 (2d Cir. 1985); <u>Eugene v. Rumsfeld</u>, 168 F. Supp. 2d 655, 673 (S.D. Tex. 2001).

Because Plaintiff failed to exhaust his administrative remedies on his failure to rehire action, Defendant is entitled to summary judgment.

## IV.  <u>Order</u>

For the foregoing reasons, it is

ORDERED that Defendant Guardian Industries Products's Motion to Dismiss (Document No. 12), as converted by Order dated April 10, 2007 (Document No. 19) to a Motion for Summary Judgment, is GRANTED, and Plaintiff Luis Sosa's claims are DISMISSED on the merits.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, on this 3rd day of May, 2007.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

---

1975) (quoting <u>N.L.R.B. v. Textile Mach. Works</u>, 214 F.2d 929, 932 (3d Cir. 1954), and concluding that an employee's request for reinstatement was merely a continuation of her exhausted claim challenging her termination).